In an action to recover on a promissory note, the defendant Stephen Smith appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated March 27, 2012, which denied his motion, in effect, for leave to reargue that branch of the defendants’ prior motion which was pursuant to CPLR 5015 (a) to vacate so much of a judgment of the same court dated February 18, 2010, as was entered against him upon his default in appearing or answering the complaint, which had been denied in an order of the same court entered September 16, 2010.
Ordered that the appeal is dismissed, without costs or disbursements.
The plaintiff commenced this action to recover on a promissory note, and obtained a default judgment dated February 18, 2010. The defendants moved to vacate their default on the ground, among others, that they were not properly served. In an order entered September 16, 2010, the Supreme Court denied the defendants’ motion, concluding that the defendants failed to rebut the prima facie proof of proper service established by the process servers’ affidavits. Subsequently, the defendant Stephen Smith moved to vacate the default judgment insofar as it was entered against him on the ground, inter alia, that he was not properly served. In the order appealed from, the Supreme Court denied Smith’s motion, concluding, among other things, that Smith’s motion was, in effect, one for leave to reargue that branch of the defendants’ prior motion which was to vacate his default, and that Smith’s conclusory challenge to proper service did not warrant relief.
Smith’s motion was, in effect, one for leave to reargue. Since “no appeal lies from an order denying leave to reargue” (O’Brien v O’Brien, 115 AD3d 720, 721-722 [2014]; see Indymac Bank, F.S.B. v Moise, 107 AB3d 851, 852 [2013]; Neunteufel v Nelnet Loan Servs., Inc., 104 AD3d 657, 657 [2013]), Smith’s appeal must be dismissed.
Balkin, J.E, Dickerson, Chambers and Hall, JJ., concur.